<u>UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK</u>

DEREK A. HEYLIGER,

        Plaintiff,

 -against-             9:18-CV-1113 (LEK/CFH)

SUSAN PEACOCK, *et al.*,

        Defendants.

_____

## **DECISION AND ORDER**

### I. INTRODUCTION

Plaintiff Derek A. Heyliger brings this pro se action under 42 U.S.C. § 1983 against New York State Department of Corrections and Community Supervision ("DOCCS") Deputy Superintendent for Administration Susan Peacock, DOCCS Director of Special Housing/Inmate Disciplinary Programs Donald Venettozzi, and Great Meadow Correctional Facility Superintendent Christopher Miller (collectively, "Defendants"). Plaintiff commenced this action on September 17, 2018. <u>See</u> Dkt. No. 1.

On December 14, 2020, the Honorable Christian F. Hummel, United States Magistrate Judge, recommended that Defendants' motion for summary judgment, Dkt. No. 40 ("Motion"), be granted in its entirety and that Plaintiff's second amended complaint, Dkt. No. 35 ("Second Amended Complaint" or "SAC"), be dismissed in its entirety with prejudice. Dkt. No. 43 ("Report-Recommendation").

For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

### II. BACKGROUND

The facts are detailed in the Report-Recommendation, familiarity with which is assumed.

See Report-Recommendation.

**III.     STANDARD OF REVIEW**

    **A. Review of a Report-Recommendation**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

    **B. Review Under § 1915**

Where, as here, a plaintiff proceeds IFP, "the court shall dismiss the case at any time" if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff is eligible to proceed IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint. See id.

When a plaintiff proceeds pro se, "the court must construe his submissions liberally and

interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

## IV. DISCUSSION

No objections were filed to the Report-Recommendation. See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 43) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 40) is **GRANTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Second Amended Complaint (Dkt. No. 35) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk shall close this action; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   January 21, 2(
         Albany, New

Lawrence E. Kahn
U.S. District Judge